IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| J.V.P. by and through his parent and Guardian K.V.P., | ) ) | Civil No. |
| | ) | **COMPLAINT** |
| Plaintiffs, | ) | **FOR DECLARATORY AND** |
| | ) | **INJUNCTIVE RELIEF** |
| v. | ) | |
| | ) | |
| State of Missouri Board of Education, | ) | |
| | ) | |
| The Missouri Department of Elementary and Secondary Education, and | ) ) | |
| | ) | |
| Grandview C-4 School District, | ) | : |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, on their own behalf and on behalf of J.V.P., allege as follows against the State of Missouri Board of Education ("Board"), the Missouri Department of Education and Secondary Education ("DESE"), and Grandview C-4 School District ("Grandview"), agencies of the State of Missouri. Plaintiffs bring this complaint for declarative and injunctive relief to require the Commissioner to extend the cut-off of special education services until a student's 22nd birthday unless the student graduates with a regular diploma at an earlier date, and to require Grandview to continue J.V.P.'s education until his 22nd birthday.

**INTRODUCTION**

1.    Plaintiff J.V.P. is entitled to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA").

2.    Plaintiff J.V.P. is an individual with a disability who will turn 21 years old on August 29, 2022.

3.    J.V.P. has been provided an Individualized Education Program ("IEP") under the IDEA by Grandview School District at the Sherwood Autism Center.

4.    J.V.P.'s parents have been told by Defendants that he will cease receiving services under IDEA on August 29, 2022. The reason for this service denial was that J.V.P. will have exceeded the age cutoff for a FAPE as directed by DESE.

5.  Defendant State of Missouri Board of Education ("Board") is a legal entity capable of being sued. The Board supervises DESE.

6.  Defendant Missouri Department of Elementary and Secondary Education ("DESE") is a legal entity capable of being sued. DESE is the administrative arm of the Board.

7.    Grandview School District has refused to develop an IEP designed to go beyond August 29, 2022 because, according to Grandview, it is DESE's policy to end services under IDEA on the day a student turns 21.

8.    J.V.P.'s paretns asked Grandview School District to provide FAPE until J.V.P.'s 22nd birthday because IDEA requires that eligibility continue until the student is 22 and because Missouri has previously allowed eligibility to continue until the age of 22.

9.    Grandview refused and stated that it was following the policy of DESE.

10.    Under the IDEA, Plaintiff J.V.P. is entitled to receive a FAPE until the age of 22. 20 U.S.C. § 1412(a)(1)(B). That provision states: "A free public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school."

11.    However, Missouri statute Mo. Rev. Stat. 162.675 (2008) provides the following in its definitions:

   (1) **"Children with disabilities"** or **"handicapped children"**, children under the age of twenty-one years who have not completed an approved high school program and who, because of mental, physical, emotional or learning problems, require special educational services.

2

12.     The Missouri State Plan ("State Plan") is a document for implementing IDEA. *See* Missouri State Plan for Special Education, available at: https://dese.mo.gov/media/pdf/missouri-state-plan-special-education-part-b-2022 (last accessed August 23, 2022).

13.     Prior to 2020, the language of the State Plan mirrored the requirement of the federal law that students with disabilities are eligible for a free appropriate education until their 22nd birthday, even though the Missouri statute did not include that requirement. Exhibit 1, 2016 Missouri State Plan for Special Education, p. 39.

14.     Based on the language of the State Plan prior to 2020, students were eligible to receive services under IDEA until their 22nd birthday.

15.     The current State Plan notes IDEA's definition of students with disabilities as being children ages three through twenty-one, but does not incorporate the word "inclusive" for age three or twenty-one. State Plan, p. 5.

16.     The State Plan further includes the following language: "It is the policy of the state of Missouri that all children/students with disabilities ages three (3) to twenty-one (21) years, as prescribed by Missouri statutes and residing in the state, have a right to a free appropriate public education (FAPE), including students with disabilities who have been suspended or expelled from school." State Plan, p. 43.

17.     The language of the Missouri State Plan previously read: "It is the policy of the State of Missouri that all children with disabilities between the ages of three (3) and twenty-one (21) years, **inclusive**, as prescribed by Missouri statutes and residing in the state, have a right to a free appropriate public education (FAPE), including children with disabilities who have been suspended or expelled from school." Exhibit 1, 2016 Missouri State Plan for Special Education, p. 39 (emphasis added).

18.     Upon information and belief, the removal of the word "inclusive" is being used to justify J.V.P.'s exclusion from school on his 21st birthday.

19.     Upon information and belief, the planned termination of education services to Plaintiff J.V.P. is pursuant to Mo..Rev. Stat. 162.675, which affects only students with disabilities, and the State Plan at page 43, which also only applies to students with disabilities.

20.     State Plans under IDEA are meant to ensure additional educational rights doe students with disabilities under IDEA, and not to take away rights provided to all students in the State.

21.     Plaintiff J.V.P. would meaningfully benefit from additional special education and related services under the IDEA.

22.     Plaintiff J.V.P. is an individual with a disability who is presently 20 years old. He turns 21 on August 29, 2022. He is receiving special education services past age 18 through Grandview School District.

23.     Defendants plan to terminate J.V.P.'s eligibility for special education services prior to his 22nd birthday, in contravention of IDEA.

24.     As set forth below, Defendant Board's denial of any further education to Plaintiff J.V.P. violates the IDEA and federal law requires that denial to be reversed.

25.     As set forth below, Defendant DESE's denial of any further education to Plaintiff J.V.P. violates the IDEA and federal law requires that denial to be reversed.

26.     As set forth below, Defendant Grandview's denial of any further education to Plaintiff J.V.P. violates the ADA and federal law requires that denial to be reversed.

## JURISDICTION AND VENUE

27.     This Court has jurisdiction over Plaintiffs' claims and the parties pursuant to 28 U.S.C. § 1331 because such claims arise under federal law, specifically the IDEA, 20 U.S.C. § 1400 *et seq.*

28.     This Court has jurisdiction to award declaratory, preliminary, and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. Proc. Rule 65.

29.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants operate in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

30.     Exhaustion of administrative remedies is not required before this Court may exercise jurisdiction over Plaintiffs' claims. The Eighth Circuit Court of Appeals has held that "there are three exceptions to the exhaustion requirement: (1) futility, (2) 'inability of the administrative remedies to provide adequate relief,' and (3) 'the establishment of an agency policy or practice of general applicability that is contrary to law.'" *J.M. v. Francis Howell Sch. Dist.,* 850 F.3d 944, 950 (8th Cir., 2017), quoting *J.B. v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 594 (8th Cir. 2013). DESE's recently established policy and practice of denying education to students under IDEA prior to their 22nd birthday fulfills the third exhaustion exception.

31.     This case involves a state educational agency policy that is generally applicable to students with disabilities and is contrary to law.

### THE PARTIES

32.     Plaintiff J.V.P. is 20 years old and resides in Grandview, Missouri. His resident school district under Missouri law is Grandview Public School District.

33.     Plaintiff J.V.P. has been diagnosed with autism and an intellectual disability. His Individualized Education Plan (IEP) lists his primary disability as Autism Spectrum Disorder.

34.     Plaintiff K.V.P. is the mother and legal guardian of J.V.P.

5

35.    Plaintiff J.V.P. sues under a pseudonym because this Complaint discloses specific information about his disabilities, information as to which he has right of privacy. Plaintiff K.V.P. sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of Plaintiff J.V.P.

36.    Grandview School District (Grandview) is a local educational agency.

37.    Grandview receives funds under the IDEA for special education.

38.    Defendant Grandview is a state agency, specifically a "local educational agency" or LEA, operating within Missouri. Grandview is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1), and receives financial assistance under Section 504, 29 USC § 794, 701 et seq., and is therefore subject to the ADA and Section 504, and their respective implementing regulations. Defendant Grandview is the governmental unit that is responsible for the delivery of educational services to Plaintiff J.V.P. and is the local education agency as defined by 20 U.S.C. § 1401(19). Grandview is obligated under federal and state law to provide FAPE to all children with disabilities who reside within its educational boundaries, including Plaintiff J.V.P.

39.    Defendant State of Missouri Board of Education ("Board") is a legal entity capable of being sued. The Board supervises the State DESE.

40.    Defendant DESE is the state educational agency for Missouri.

41.    DESE is responsible for providing public education for Missouri residents, including both children and adults. DESE responsibilities include the supervision and control of special education and adult education in Missouri.

42.    Missouri receives funds under the IDEA for special education. As such, under the IDEA, DESE is responsible for ensuring that the school districts and education districts under DESE's supervision and control provide appropriate special education services to Missouri's residents. Specifically, 20 U.S.C. § 1407 provides that each State that receives IDEA funds must

6

"ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter." Similarly, 20 U.S.C. §1412(11) requires that the State's primary educational agency "is responsible for ensuring that – (i) the requirements of this subchapter are met."

## FACTUAL ALLEGATIONS

### Statutory Background

43.     The IDEA mandates that a "free and appropriate public education" shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive . . . ." 20 U.S.C. § 1412(a). Numerous courts have ruled that eligibility under the IDEA for special education and related services ends when a student turns 22.[1]

44.     States may limit age eligibility for special education students, however, *only* to the extent it is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> > (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges[.]

20 U.S.C. § 1412(a)(1)(B).

45.     Thus, under the IDEA, Missouri DESE is obliged to treat special education students the same as general education students with respect to age eligibility.

---

[1] See *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639, 641 (1st Cir. 2018) (IDEA eligibility continues until a child with disability turns 22); *L.A. Unified Sch. Dist. v. Garcia*, 699 F. 3d 956, 959 (9th Cir. 2012) (eligible children should receive services under the IDEA "until they turn [22].") ; *St. Johnsbury Acad. v. D.H.*, 240 F. 3d 163, 168-169 (2d Cir. 2001) ("the relevant period. . . ends on the last day of [the child's] 21st year (which culminates in his 22nd birthday)."); *Lillbask ex rel. Mauclaire v. State of Conn. Dep't. of Educ.*, 397 F.3d 77, 86 n.4 (2d Cir. 2005) ("A child remains eligible for a [FAPE] under IDEA until his 22nd birthday.").

46.     Mo.Rev. Stat. 162.675, read together with the Missouri State Plan, purports to terminate the entitlement of Missouri residents to a FAPE under the IDEA on their 21st birthday. However, Missouri cannot do so consistently with 20 U.S.C. § 1412(a)(1)(B), because this restriction applies only to special education students and not to non-special education students.

47.     There is no Missouri law or regulation that imposes an age limitation of 21 on the entitlement to public education for non-special education adults.[2] To the contrary, Missouri regulations and the Missouri State Plan for Adult Education provides funding for adult learners throughout the state of Missouri.

48.     Missouri regulations state as follows:

The Missouri State Board of Education is responsible for administering and supervising the adult education program at the state level to provide adult education and literacy services, including workplace literacy services, family literacy, and English literacy programs. Funds will be distributed to eligible providers such as local education agencies, public or private nonprofit agencies, community-based organizations, correctional education agencies, postsecondary educational institutions, and other institutions that have the ability to provide comprehensive literacy services to adults and families for the purpose of providing instruction in adult education, which is designed to teach persons out of school who are seventeen (17) years of age or older or meet the compulsory attendance requirements of section 167.031, RSMo, to obtain sufficient mastery of basic educational skills to enable them to function effectively in society. The program priorities and objectives are—to assist adults to become literate and obtain the knowledge and skills necessary for employment and self-sufficiency, assist adults who are parents to obtain the educational skills necessary to become full partners in the educational development of their children, and assist adults in the completion of a secondary school education and/or obtain a high school equivalence certificate. These objectives are achieved by providing funds to eligible providers and by providing professional development for adult education staff members through local, state, regional, and national sponsored training programs.

Mo. Code Regs. Ann. tit. 5, § 20-500.320.

---

[2] The Missouri State Constitution states that "the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law." Mo. Const. art. IX, § 1(a). However, the adult education programs constitute public education, as established later in this complaint.

8

49.     One example of adult education is the adult high school program. "Any person who is twenty-one years of age or older may enroll in an adult high school if he or she has not earned a high school diploma." Mo. Ann. Stat. § 160.2710 (1).

50.     The United States Court of Appeals for the First Circuit has held that a Rhode Island law violated the IDEA by stripping access to a FAPE for disabled students on their 21st birthday when adult education programs existed for students age 21 and above. *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639 (1st Cir. 2018). Rhode Island claimed that this provision did not violate the IDEA because its publicly-funded adult education programs—which were created to help adults finish their high school degrees and for which no equivalent existed for disabled persons—did not constitute a "public education." *Id.* at 647-648. That court held that a program constitutes "public education" when there is 1) public funding, 2) a state agency administering or overseeing the program, and 3) the objective of the program is to achieve "a secondary-education level of academic competence." *Id.* at 650. Rhode Island's adult education program met all three criteria, and therefore Rhode Island's age restriction law violated the IDEA. *Id.* at 652.

51.     Mo. Code Regs. Ann. tit. 5, § 20-500.320 indicates that adult education receives public funding, is administered by a state agency (the Missouri State Board of Education), and has an objective to "assist adults in the completion of a secondary school education." These mirror the requirements for public education in the *K.L.* case.

52.     Likewise, the United States Court of Appeals for the Ninth Circuit held that a Hawai`i law that limited in-school eligibility of students for public education to age 20 was inconsistent with 20 U.S.C. § 1412(a)(1)(B) because, despite this age restriction, Hawai`i continued to provide non-disabled adults over the age of 20 with public education programs. *E.R.K. v. State of Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013). Hawai'i's public education programs in this case were, in all material respects, identical to Missouri's current adult education

programs. Hawai`ian students with disabilities did not have access to comparable adult education programs. Therefore, the Ninth Circuit ruled that special education students in Hawai`i were entitled to a FAPE under the IDEA until they reached the age of 22. *Id.*

53.     The United States Court of Appeals for the Second Circuit held that a Connecticut law violated the IDEA by providing non-disabled adults with access to "secondary school completion programs," with no age limitations, while cutting off FAPE access for disabled students aged 21 or older. *A.R. v. Conn. State Bd. of Educ.*, No. 20-2255, 2021 U.S. App. LEXIS 20212, at *28-29 (2d Cir. July 8, 2021). The court permanently enjoined the law and awarded compensatory education for disabled adults who had been denied a FAPE. *Id.* at 8.

## CLAIM FOR RELIEF
## (VIOLATION OF THE IDEA)

54.     Plaintiffs reiterate each and every allegation above as if fully set forth here.

55.     Grandview has provided an IEP to J.V.P. and placed him at the Sherwood Autism Center.

56.     Plaintiff J.V.P. has been told by IEP team members that educational services will cease on or before August 29, 2022 because he turns 21 on August 29, 2022.

57.     Plaintiff J.V.P. needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disability, he requires a supportive and structured environment to develop academic skills, pre-vocational skills, and skills related to safety in the community.

58.     As is common with many students with autism, J.V.P. has difficulty with transitions and difficulty with a lack of structure. J.V.P. has been making educational progress when he attends school in-person. He regresses when he leaves the Sherwood Autism Center. If he is forced to exit education on his 21st birthday, he will lose the opportunity to make educational progress and will likely regress.

10

59.	Plaintiff J.V.P. has not received a high school diploma.

60.	Under the IDEA, DESE is obliged to provide a FAPE to all individuals with disabilities until such individuals reach their 22nd birthday unless to do so would be "inconsistent with State law or practice … respecting the provision of public education to children" in that age range. 20 U.S.C. § 1412(a)(1)(B).

61.	Providing students with disabilities in Missouri a FAPE until the age of 22 would not be inconsistent with any Missouri law or practice respecting the provision of public education in general to individuals over the age of 21.

62.	Neither Mo. Rev. Stat. 162.675 nor the Missouri State Plan is a law that relates to the provision of public education in general. Rather, these apply solely to special education students. There is no comparable law or regulation of general applicability that imposes an age limit of 21 for the entitlement to public education, as demonstrated by the adult education programs offered by the state.

63.	Missouri, as a matter of both law and practice, provides a public education to individuals over the age of 21.

64.	Missouri's school districts and other entities under its supervision and control provide public non-special adult education.

65.	Adult education in Missouri is authorized under Section 5 CSR 20-500.320 - Missouri State Plan for Adult Education and requires as follows:

> The Missouri State Board of Education is responsible for administering and supervising the adult education program at the state level to provide adult education and literacy services, including workplace literacy services, family literacy, and English literacy programs. Funds will be distributed to eligible providers such as local education agencies, public or private nonprofit agencies, community-based organizations, correctional education agencies, postsecondary educational institutions, and other institutions that have the ability to provide comprehensive literacy services to adults and families for the purpose of providing instruction in adult education, which is designed to teach persons out of school who are seventeen (17) years of age or older or meet the compulsory attendance requirements of section 167.031, RSMo, to obtain sufficient mastery of basic educational skills to

enable them to function effectively in society. The program priorities and objectives are-to assist adults to become literate and obtain the knowledge and skills necessary for employment and self-sufficiency, assist adults who are parents to obtain the educational skills necessary to become full partners in the educational development of their children, and assist adults in the completion of a secondary school education and/or obtain a high school equivalence certificate. These objectives are achieved by providing funds to eligible providers and by providing professional development for adult education staff members through local, state, regional, and national sponsored training programs.

66.     Thus, the default age limitation of the IDEA continues to apply because students without disabilities who are over the age of 21 in Missouri can still pursue the equivalent of a public high school education through DESE's adult education programs. These adult education programs are not required to provide FAPE or other IDEA protections for students with disabilities.

67.     The Board and DESE's refusal to provide Plaintiff J.V.P. a FAPE violates the IDEA, and Plaintiff J.V.P. is entitled to a FAPE until he reaches the age of 22.

68.     The Board and DESE have also violated 20 U.S.C. § 1407 by not ensuring that its regulations conform to the IDEA and 20 U.S.C. § 1412(11), because DESE has failed to ensure that the school districts under its supervision and control are meeting the requirements of 20 U.S.C. § 1412(a)(1)(B).

69.     Grandview 's refusal to provide Plaintiff J.V.P. a FAPE violates the IDEA because Plaintiff J.V.P. is entitled to a FAPE until he reaches the age of 22.


**WHEREFORE**, Plaintiffs pray that this Court:

(a)     Find and declare that the Board and DESE's refusal to provide Plaintiff J.V.P. with a FAPE on account of his age violates the IDEA;

(b)     Find and declare that, by this conduct, the Board and  DESE have violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

12

(c)     Find and declare that Mo. Rev. Stat. 162.675 and the State Plan are invalid to the extent that they prevent individuals from receiving a FAPE until their 22nd birthday, because they are contrary to the IDEA;

(d)     Find and declare that Grandview's refusal to provide Plaintiff J.V.P. with a FAPE on account of his age violates the IDEA;

(e)     Find and declare that, by this conduct, Grandview has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(f)     Enjoin the Board, DESE, and Grandview from terminating FAPE as to Plaintiff J.V.P.;

(g)     Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and

(h)     Grant other such relief as this Court finds just and appropriate.


Respectfully Submitted,

*/s/ Will Hack*
Will Hack MO Bar #69110
MO Protection and Advocacy Services
P.O. Box 140195
St. Louis, MO 63114
Tel: 314-256-9865
Fax: 573-298-6426
Will.hack@mo-pa.org

*/s/ Samara N. Klein*
Samara N. Klein
KLEIN LAW FIRM
9229 Ward Parkway, Suite 370
Kansas City, MO  64111
Tel: 816-682-3080
Fax: 816-523-5667
sklein@sklein-law.com

*/s/ Ellen Marjorie Saideman*

13

Ellen Marjorie Saideman RI Bar #02806
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI 02806
Tel: 401-258-7276
esaideman@yahoo.com
Applying for admission *Pro Hac Vice*

**FOR THE PETITIONER**