IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J.V.P. by and through his parent and Guardian K.V.P., <br><br> Plaintiffs, <br><br> v. <br><br> State of Missouri Board of Education, <br><br> & Missouri Department of Elementary and Secondary Education, <br><br> Defendants. | Case No.: 4:22-cv-00558-BP |

## SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY

**COME NOW** Defendants Missouri State Board of Education and Missouri Department of Elementary and Secondary Education ("State Defendants"), by and through the undersigned counsel, hereby submit the following suggestions in opposition to Plaintiffs' motion to clarify.

### INTRODUCTION

Plaintiffs move to clarify the Court's November 4, 2022 order, wherein this Court found Plaintiff entitled to the protections of the stay-put provision, and ordered Defendants to comply with 20 U.S.C. § 1415(j) (Doc. 45). Plaintiffs now seek clarification that the order extends to January 17, 2024, or to the termination of these proceedings (if Defendants prevail). Defendants oppose this request.

### ARGUMENT

Plaintiff's requested clarification is not a reasonable interpretation of the order under existing case law. Although Plaintiffs assert that "[t]he stay-put order does

1

not contain a termination date," Plaintiffs nevertheless appear to acknowledge that IDEA stay-put does not ordinarily extend beyond age twenty-two. J.V.P turns twenty-two on August 29, 2023. They instead contend that "Defendants are required to provide a FAPE until January 16, 2024, to compensate for the time that Defendants violated 20 U.S.C. § 1415(j) from August 29, 2022 to January 16, 2023." But, this is not the case. Indeed, the order explicitly stated that it only decided issues of application and not compliance. Nevertheless, Plaintiffs failed to establish that the State Defendants ever violated 20 U.S.C. § 1415(j) even had that been before the Court.

## I. Stay-put under the IDEA terminates when IDEA eligibility ends.

The Court's November 4, 2022 order was limited to the applicability of 20 U.S.C. § 1415(j), the stay-put provision under the IDEA. The court found it applied and ordered compliance; the court was not presented with, nor did it rule on, any claim for compensatory education. Nevertheless, Plaintiffs now asserts that the stay-put should extend to January 16, 2024, over fourth months after J.V.P's eligibility under the IDEA terminates under *any* interpretation of the plain language of the statute. Whereas Plaintiffs fail to provide any authority allowing stay-put beyond IDEA eligibility, multiple courts have made the opposite conclusion: stay-put ends when a student is no longer eligible for IDEA services. *See Board of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Illinois State Bd. Of Educ.,* 79 F. 3d 654, 659-660; *See also* (7th Cir. 1996); *A.D ex rel. L.D. v. Dep't of Educ., Hawaii,* 727 F.3d

911, 916 (9th Cir. 2013)('[I]t is reasonable to think that the age limit Congress incorporated into the IDEA itself implicitly delimits the stay-put provision").

## II. The November 4, 2022 order did not implicitly include compensatory education

In order to overcome this limit to stay-put, Plaintiffs appear to assert that the November 4, 2022 stay-put order must have implicitly included an award of compensatory education for a compliance violation. But, the text of the order itself contradicts this assertion: "[t]he court limits its discussion to applicability because, at this juncture, any issues regarding compliance are not yet before it." (Doc. 45, n.4). Without a finding of a compliance violation, the stay-put here is limited by the upper-bound of IDEA eligibility just like any other.

## III. The State Defendants did not violate 20 U.S.C § 1415(j)

Nevertheless, Plaintiffs still fail to put forth any facts actually establishing a violation by the State Defendants. To be clear, the State Defendants are not the local education agency (LEA) or a direct provider of IDEA services here; their role is providing funding, general supervision, and oversight. To that end, the State Defendants have committed to compliance since the moment of this Court's November 4, 2022 order. As Plaintiff is aware, the State Defendants have made commitments to funding J.V.P's educational services consistent with this Court's order. A placement consistent with this court's order was made by the LEA, and IDEA services continue to be provided; Plaintiffs don't contend otherwise. Accordingly, there has been no violation.

Plaintiffs instead seek compensation for the interim of JVP's disenrollment at Sherwood on August 29, 2022 and his re-enrollment at Milestones in January. But, this gap was primarily due to Plaintiffs' own failure to seek timely and appropriate relief. Having been informed at least six months prior to JVP's August 29, 2022 birthday that his enrollment would be terminated, Plaintiffs disregarded the warning and failed to initiate an administrative due process challenge—one that would have unambiguously automatically invoked a stay-put pending review.

Instead, Plaintiff waited to commence this judicial action until the very eve of J.V.P's IDEA termination (Doc 1)—even then only filing the associated motion for temporary restraining order and preliminary injunction the *day of* JVP's twenty-first birthday (Doc 5). It was not until October 10, 2022 that Plaintiffs filed any briefing on the applicability of 20 U.S.C. § 1415(j) to an original judicial action (Doc. 36), at this Court's request. Given the timing and method Plaintiffs elected to proceed with their claims here, it is unclear what the State Defendants could have done differently while Plaintiff's belated and unorthodox request for relief was sorted out. Certainly, there was no assertion of—or evidence supporting—an actual pendency violation by the State Defendants put before this Court when it issued its November 4, 2022 order. Accordingly, there is no basis for the stay-put to extend beyond August 29, 2023.

## CONCLUSION

WHEREFORE, for the reasons stated above, State Defendants respectfully request that this Court deny Plaintiffs' motion, clarify that the stay-put terminates on August 29, 2023, and for such other relief as is just and proper.

Respectfully Submitted,

**ANDREW BAILEY**
Attorney General of Missouri

*/s/ Eric Doner*
Eric Doner, #68029
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
 Tel: (314) 340-7861
Email: Eric.Doner@ago.mo.gov
Attorneys for Defendants
Missouri State Board of Education
and Missouri Department of
Elementary and Secondary Education

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 3, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Eric Doner*
Assistant Attorney General