IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J.V.P. by and through his parent and Guardian K.V.P., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) Civil No: 4:22-cv-00558-BP |
| State of Missouri Board of Education, and | )<br>) |
| The Missouri Department of Elementary and Secondary Education, | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' REPLY SUGGESTIONS IN SUPPORT OF
THEIR MOTION TO CLARIFY**

Plaintiffs respectfully file these reply suggestions in further support of their motion to clarify. As this Court already ruled that Plaintiff J.V.P. was entitled to a stay-put placement during this litigation, Defendants' effort to revisit that order should be rejected. Further, contrary to Defendants' argument that stay-put was not raised before October 22, 2022, this Court observed that the parties had previously discussed 20 U.S.C. § 1415(j). Doc. 45 at 2. Plaintiffs' Suggestions for a Temporary Restraining Order and a Preliminary Injunction, filed on August 29, 2023, explicitly argued that Plaintiffs were entitled to the application of IDEA's pendency requirement during the pendency of this case. *See* Doc. 5-1 at 1.

1

I. **Because Stay-Put Was Automatic and Defendants Failed to Continue J.V.P.'s Educational Placement Until January 17, 2023, this Court Should Order Defendants to Continue J.V.P.'s Placement Pending this Litigation.**

There is no dispute that this case was filed on August 26, 2023, prior to J.V.P.'s 21st birthday, and that J.V.P.'s enrollment at the Sherwood Autism Center (Sherwood) was terminated on August 29, 2023. As noted in Plaintiffs' supplemental suggestions, Doc. 36 at 4-5, the Ninth Circuit's decision in *A.D. v. State Dep't of Educ.*, 727 F.3d 911, 912 (9th Cir. 2013) is precisely on point. There the Ninth Circuit held that the student "was fully entitled to an automatic injunction preserving his placement at Loveland Academy during the pendency of the dispute" because he was challenging the state statute's age restriction as violating his placement at Loveland Academy." *Id*. at 915. Loveland was his current placement at the time the complaint was filed. *Id.* at 913. Significantly, the Ninth Circuit found that stay-put was automatic and did not require a motion by the student to put stay-put into effect. *Id.* The Court held, "A.D. was entitled to remain at Loveland Academy as his stay-put placement from the date he filed his administrative complaint, and he was entitled to remain there until his case was finally resolved." *Id*. at 916.

Thus, *A.D.* does not support Defendants, and Defendants' reliance on *Board of Educ. of Oak Park & River Forest High School District 200 v. Illinois State Board of Education*, 79 F.3d 654, 679-60 (7th Cir. 1996) is misplaced because it did not involve a challenge to a state eligibility requirement. The Ninth Circuit in *A.D.* found that the Seventh Circuit's decision in *Oak Park* involved a completely different situation. The court held that "unlike the plaintiff in *Oak Park*, A.D. is challenging the legality of the deadline that ostensibly governs his IDEA eligibility." 727 F.3d at 915. The Ninth Circuit found the purpose of the stay-put provision is "to protect students from changes to their educational programs when there is a dispute over the lawfulness of the changes." *Id*. at 916. The court held that "When a dispute exists about whether a special education

2

eligibility criterion is lawful or whether it applies to a particular student, stay put preserves the student's eligibility until the dispute is resolved." *Id*.

Defendants' effort to blame Grandview for the delay in placing J.V.P. following this Court's Order on November 4, 2023 (Def. Sugg., at 3) should be rejected. This effort is contrary to this Court's ruling on the motions to dismiss: that the State is "required to ensure compliance with the Court's rulings." *See* Doc. 50 at 7. Defendant Grandview School District had moved to dismiss itself from this litigation. (Doc. 32). Defendants did not oppose that motion. Plaintiffs opposed that motion, arguing that Grandview was a required party because complete relief could not be provided without Grandview pursuant to Fed. R. Civ. P. 19(a)(10)(A). This Court rejected Plaintiffs' argument that Grandview was an indispensable party. This Court specifically held that "Even without Grandview as a party, the Court can . . . require a continuation of Plaintiff's education. The State will then be required to ensure compliance with the Court's rulings. While it may do so partially through utilization of Grandview's services, this does not mean Grandview's presence in the lawsuit is required to provide relief." Doc. 50 at 7. Following this order, Defendants did not move for reconsideration to argue then that Grandview was a necessary party to implement the Court's earlier stay-put order. Thus, it is law of the case that the Defendants were "required to ensure compliance with the Court's rulings," including the stay-put order of November 4, 2022. *See id.*

Further, because this Court's Order is law of the case, Defendants' argument that Plaintiffs should have filed an administrative due process hearing request and done so months earlier, Doc. 89-1 at 4, should be rejected. In any event, the stay-put provision applies to "the then-current placement" of the child, 20 U.S.C. § 1415(j), and there is no dispute that a private autism-focused school was the then-current placement at the time this action was filed, August 26, 2023.

3

Defendants' argument that "it is unclear what the State Defendants could have done differently" is absurd. Defendant knew Plaintiffs had filed a State Complaint with Defendant Missouri Department of Elementary and Secondary Education (DESE) on the very issue that is the subject matter of this complaint: a complaint which DESE dismissed on July 12, 2022. *See* Doc. 22 at 32-37. Both DESE and Grandview had ample warning that J.V.P.'s termination would be challenged. Both DESE and Grandview were well aware of IDEA's stay-put requirement. After the Complaint was filed on August 26, 2023, Defendants could have directed Grandview and Sherwood that stay-put applied, and that J.V.P. should remain in his placement at Sherwood pending this litigation.

Ordinary principles of justice also militate in favor of providing J.V.P. with the education he was denied. J.V.P. was denied FAPE from August 29, 2022 until January 17, 2023, because J.V.P. was disenrolled in contravention of 20 U.S.C. § 1415(j). This Court recognized the Supreme Court's decision in *Honig* that, for stay-put, "The provision applies automatically." Doc. 45 at 3; *Honig v. Doe*, 484 U.S. 305, 326, 328-29 (1988). Defendants had notice of the stay put requirement prior to August 29 and chose to ignore it. Defendants should not be permitted to benefit from this choice. Defendant does not dispute that compensatory education is available as a remedy for the failure to provide stay-put. *See Hale ex rel. Hale v. Poplar Bluffs R-I Sch. Dist.*, 280 F.3d 831, 834 (8th Cir. 2002) (affirming order to provide student extended school-year services for one summer to remedy its violation of IDEA's stay-put provision).

This Court has already heard evidence that J.V.P. has suffered and will suffer regression due to interruptions in his educational regimen. The appropriate remedy for Defendants' violation of the law, 20 U.S.C. § 1415(j), is continued education to match the time period he was unlawfully denied FAPE due to that violation: August 29 to January 17.

4

**II. Alternatively, Because Defendants Did Not Timely Comply with this Court's Stay-Put Order, at a Minimum, the Defendants Should Be Required to Continue the Stay-Put Placement to Compensate for Defendant's Failure to Comply with this Court's November 4, 2022 Order.**

There is no dispute that this Court's order of November 4, 2022 went io effect immediately and that Defendants did not comply with that order until January 17, 2023, when J.V.P. began attending his new school program. Plaintiffs raised the Defendants' failure to comply with this order in the Motion to Clarify. Defendants do not dispute the fact that J.V.P. did not start his stay-put placement until January 17, 2023: a clear violation of this Court's order that Defendants immediately provide J.V.P. with his stay-put placement. As discussed above, because the stay-put was automatic, stay-put was violated when Defendants failed to require Grandview (or to ensure itself) that J.V.P. was maintained at Sherwood pending this litigation. While the Defendants argue that there was no pendency violation before the Court when it issued its November 4, 2022 order, they do not dispute that the Court's order was violated when J.V.P. was not immediately placed into a stay-put placement. *See* Doc. 89-1 at 4. Their response to that undisputed violation is to disclaim responsibility and blame Grandview, which is no longer a party to this case. *See id.*, at 3. But as discussed before, the Defendants, as parties in this case subject to the Order, bear responsibility for the failure to comply with the Order.

This Court has the ability to enforce its order on this motion. Addressing this gap of more than two months between the order and J.V.P.'s enrollment at a stay-put placement, Defendants state that "the State Defendants have committed to compliance since the moment of this Court's November 4, 2022 order." Def. Sugg. at 3. A commitment to compliance does not excuse a failure to comply with a court order. There can be no dispute that Defendants did not come into compliance with the Order until January 17, 2023.

Further, IDEA provides that the Court may "grant such relief as the court determines appropriate." 20 U.S.C. § 1415(i)(2)(C)(ii). Based on the Defendants' failure to comply with the Court's order, at a minimum J.V.P.'s enrollment at Milestones should be continued for 74 days beyond August 29, 2023, or until November 11, 2023 unless this litigation ends before then.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant Plaintiffs' Motion for Clarification and order Defendants to continue Plaintiff J.V.P.'s stay-put placement through the conclusion of this litigation.

Date: August 7, 2023

Respectfully submitted,

*s/Ellen Marjorie Saideman*
Ellen Marjorie Saideman RI Bar #02806
Law Office of Ellen Sideman
7 Henry Drive
Barrington, RI 02806
Tel: 401-258-7276
esaideman@yahoo.com
Admitted *Pro Hac Vice*

*/s/ Will Hack*
Will Hack MO Bar #69110
MO Protection and Advocacy Services

---

[1] In the event that this Court enters a limited order directing Defendants to provide compensatory education through November 11, 2023, Plaintiffs intend to move the Court for a preliminary injunction to require Defendants to provide compensatory education for J.V.P. through January 16, 2024 as a remedy for the violation of IDEA's stay put requirement that required J.V.P.'s continued educational placement following the filing of this case on August 26, 2023. In *Oak Park*, the Seventh Circuit noted that, if a student succeeded in a claim for compensatory education after the student had been terminated from school, "to reap its benefits the parents would have to interrupt their child's current program and insert him into the school system from which he had been expelled." 79 F.3d at 660. The court stated that this could be addressed by "a request for a preliminary injunction to prevent the school system from thwarting the claim by expelling the child." *Id.* Plaintiffs' experience in this case, in which the Defendants did not secure the court-ordered stay-put placement for more than two months, demonstrates that terminating J.V.P. from Milestones would cause him irreparable harm.

P.O. Box 140195
St. Louis, MO 63114
Tel: 314-256-9865
Fax: 573-298-6426
Will.hack@mo-pa.org

*/s/ Samara N. Klein*
Samara N. Klein
KLEIN LAW FIRM
9229 Ward Parkway, Suite 370
Kansas City, MO 64111
Tel: 816-682-3080
Fax: 816-523-5667
sklein@sklein-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via ECF on August 7, 2023 to Eric Doner, counsel for Defendant Missouri State Board of Education and Defendant Missouri Department of Elementary and Secondary Education.

*/s/ Ellen Marjorie Saideman*
Ellen Marjorie Saideman