IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J.V.P. by and through his parent and Guardian K.V.P., | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 4:22-cv-00558-BP |
| v. | )<br>) |
| State of Missouri Board of Education, | )<br>)<br>) |
| Missouri Department of Elementary and Secondary Education, and | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants State of Missouri Board of Education and Missouri Department of Elementary and Secondary Education, by and through undersigned counsel, make these reply suggestions in support of their motion for summary judgment.

1

# ARGUMENT

## I. The only claims before this court on summary judgment are unambiguously moot.

The sole question before this court is whether the Individuals with Disabilities Education Act ("IDEA") mandates that DESE provide FAPE up to a student's 22nd birthday. Plaintiff has turned 22, and therefore no longer has a personal interest in this question. Accordingly on August 29, 2023, there ceased to be a live controversy in this case on the sole remaining issue.

Further, Plaintiff's suddenly imagined compensatory education clams do not somehow create a controversy where one no longer exists. Indeed, Defendants have already been ordered to provide FAPE until Plaintiff's twenty-second birthday. Any claim for compensatory education relating to the deficiencies of that FAPE would therefore not be contingent upon the mooted question here—just as the compensatory education already ordered by this court did not require its resolution.

Finally, the hypothetical future claims of the proposed Plaintiff-Intervenors are irrelevant to the analysis of whether Plaintiffs' claims here are moot. Plaintiff is the only party here who has articulated an actual present or impending claim against Defendants, and Defendants move here

for summary judgement against Plaintiffs, not E.S., M.S., J.L, L.T., or any other individuals. Plaintiffs' claim is moot and therefore should be dismissed.

## II. Continued provision of FAPE until age twenty-two is inconsistent with Missouri state law and practice

The law and practice in Missouri with regard to the provision of public education to children is unambiguous. The Missouri Constitution mandates that public education be provided to all persons in this state "within ages not in excess of twenty-one years." An individual who has reached their twenty-first birthday, plainly enters an age range "in excess of twenty-one years." Mo. Const. art. IX, §1(a). This can't reasonably be disputed. This practice of ageing-out of the public school system at 21 is reaffirmed by the legislature in § 160.051: "A system of free public schools is established throughout the state for the gratuitous instruction of persons between the ages of five and twenty-one years." § 160.051 RSMo. Accordingly, Missouri state law with regard to the provision of free public education is unambiguous: the legal requirement to continue providing free public education ends at age twenty-one for all persons. A requirement to continue providing FAPE after a student's twenty-first birthday is thus plainly inconsistent with Missouri state law regarding the provision of free public education to twenty-one-year-olds.

Nevertheless, Plaintiff attempts to avoid this reality by arguing against strawmen similar to those defeated in Hawaii, Rhode Island, Connecticut, and Minnesota, relating to the statutes and practices in those states. However, the plain inconsistency of the continued provision of a high-school education within the public school system beyond age twenty-one in Missouri has nothing to do with whether the education occurs in the same *location* or in the *exact same way*, or any of the arguments apparently rejected in those cases. Instead, the laws with regard to the provision of public education to children in the public school system in Missouri are crystal clear: the continued provision of free public secondary education of children in the Missouri public school system in any location or form is continued until age twenty-one and not beyond.

The existence of entirely separate free educational programs for adults is simply irrelevant under the plain language of the statute. The Adult Education and Literacy programs and Missouri's Adult High Schools separately tackle the "post-school" education of adults. The IDEA itself defines "adult education" as a "post-school" activity, despite the fact that it inevitably shares certain core characteristics with traditional in-school secondary education. 20 U.S.C. § 1401(34)(A). The goal of many adults simply happens to be to obtain a high school diploma or equivalent.

Notably, Plaintiff and the courts Plaintiff cites in support flip the relevant issue. Indeed, the question is not whether "the IDEA allows states to provide adults without disabilities with free education geared to get a high school diploma or high school equivalent in adult education programs, while failing to provide special education to students with disabilities up to their 22nd birthdays," as Plaintiff frames it Plt Response, p. 11. Instead, the question is whether the plain language of the IDEA **mandates** the continued provision of FAPE if that continued provision would be inconsistent with state law or practice with regard to the provision of public education for children in those age ranges. The answer is no, as 20 U.S.C. § 1401(34)(A) unambiguously limits the FAPE mandate in such circumstances.

Thus, DESE's age-out policy does not violate the plain language of the IDEA, because the continued provision of FAPE in the public school system beyond the age of 21 would be inconstant with state law or practice regarding

the provision of public education to individuals over the age of twenty-one in Missouri and states with similar laws around the country.[1]

## CONCLUSION

Defendants respectfully request that this Court grant Defendants' motion for summary judgment and grant such other relief as this Court deems just and proper.

Respectfully Submitted,

**ANDREW BAILEY**
Attorney General of Missouri

*/s/ Eric Doner*
Eric Doner, #68029
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Tel: (314) 340-7861
Email: Eric.Doner@ago.mo.gov

---

[1] Defendants acknowledge that its original motion for summary judgment and response erroneously included citations to laws and policies in Minnesota and Pennsylvania that are no longer current. These states have recently been changed their laws or regulations to extend FAPE to age 22. Additionally, Plaintiff accurately noted out that Florida and Louisiana were also erroneously included as states that end FAPE at a student's twenty-first birthday, despite laws and practices that continue the provision of FAPE until age 22. These were unintentional errors and not intended to mislead the Court or Plaintiffs.

Attorneys for Defendants
Missouri State Board of Education
and Missouri Department of
Elementary and Secondary Education

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on October 3, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Eric Doner*
Assistant Attorney General